**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHN HOLMES, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| BRIAN OWENS, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:15-CV-2975-TWT-RGV |

**<u>FINAL REPORT AND RECOMMENDATION</u>**

Petitioner John Holmes has filed this 28 U.S.C. § 2254 petition to challenge his October 25, 2010, conviction in the Superior Court of Clayton County.  This matter is currently before the Court on the petition, [Doc. 1], and respondent's motion to dismiss the petition as untimely, [Doc. 7].  Because petitioner has not responded to the motion to dismiss, it is deemed unopposed.  See LR 7.1B, NDGa.  For the reasons that follow, it is **RECOMMENDED** that respondent's unopposed motion to dismiss, [Doc. 7], be **GRANTED** and that this action be **DISMISSED** as time barred.

**I.  PROCEDURAL HISTORY**

On October 25, 2010, petitioner pled guilty to criminal damage to property in the second degree, and the Superior Court of Clayton County sentenced him to five years on probation.  [Doc. 8-1 at 27].  Petitioner did not file a direct appeal.  [Doc. 1 at 2].

On July 18, 2014, petitioner filed a counseled habeas corpus petition in the Superior Court of Clayton County.  [Doc. 8-1].  Following a December 1, 2014, evidentiary hearing, the state habeas court entered a written order denying the petition.  [Doc. 8-2].  On July 6, 2015, the Georgia Supreme Court dismissed as untimely petitioner's application for a certificate of probable cause to appeal the denial of habeas corpus relief.  [Doc. 8-3].

Petitioner filed this § 2254 petition on August 24, 2015.[1]   [Doc. 1 at 10].  Petitioner raises the following grounds for relief: (1) his attorney "pressure[d him] into taking a guilty plea"; (2) his attorney "did nothing about [the] victim giving a false police report" and advised petitioner "that the victim busting out [his] windshield didn't matter"; (3) he was denied the right to be publicly tried before a jury of his peers; and (4) he was denied the right to cross-examine the witnesses against him and the right "to compel any evidence including the right to compel witness in [his] favor."  [Id. at 6-7].  Respondent moves to dismiss the petition as untimely.  [Doc. 7].

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  28 U.S.C. foll. § 2254, Rule 3(d); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

## II. DISCUSSION

A § 2254 petition is subject to a statutory one-year limitation period, which runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  In this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) above apply.  Thus, the one-year limitations period began to run on November 24, 2010, thirty days after entry of petitioner's judgment of conviction.  See O. C. G. A. § 5-6-38(a) (notice of appeal must be filed within thirty days after entry of judgment); Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that prisoner's conviction became final under § 2244(d)(1)(A) when

3

the time for filing a direct appeal expired). Accordingly, absent tolling, petitioner had until November 24, 2011, to file this § 2254 petition.

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's state habeas petition did not toll the limitations period because petitioner filed it approximately two years and eight months after the limitations period expired. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'") (citation omitted).

Petitioner does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his federal petition. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (A plea of actual innocence, if proved, can overcome the one-year limitations period for filing a federal habeas corpus action.); Holland v. Florida, 560 U.S. 631, 649 (2010) (The limitations period set forth in "§ 2244(d) is subject to equitable tolling" when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (citation omitted).

4

Therefore, this § 2254 petition, which petitioner filed on August 24, 2015, is untimely by three years and nine months.

### III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability

should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing Slack, 529 U.S. at 484). Because petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as time barred, he should be denied a COA.

## IV. CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that respondent's unopposed motion to dismiss, [Doc. 7], be **GRANTED**, that this action be **DISMISSED** as time barred, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 23rd day of November, 2015.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

6